# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Chambers of**<br>**Michael A. Hammer**<br>**United States Magistrate Judge** | **Martin Luther King Federal Building**<br>**& U.S. Courthouse**<br>**50 Walnut Street**<br>**Newark, NJ 07101**<br>**(973) 776-7858** |

January 5, 2023

To: All counsel of record

### LETTER OPINION AND ORDER

RE:   **Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address
24.45.74.130**
**Civil Action No. 22-7300 (JMV) (MAH)**

Dear Counsel:

This Letter Opinion and Order will address Plaintiff Strike 3 Holdings, LLC's motion for

leave to serve a third-party subpoena to ascertain the identity of the subscriber assigned Internet

Protocol ("IP") address 24.45.74.130 for the dates relevant to the Complaint.  Mot. for Leave to

Serve Third Party Subpoena, December 29, 2022, D.E. 5.  Plaintiff seeks to obtain this information

before the Federal Rule of Civil Procedure 26(f) scheduling conference in this matter.  Pl.'s Br. in

Supp. of Mot., December 29, 2022, D.E. 5-1.  The Court has considered Plaintiff's submission

and, pursuant to Federal Rule of Civil Procedure 78, has decided the motion without oral argument.

For the reasons set forth below, the Court will grant the motion.

## I.     BACKGROUND

Plaintiff Strike 3 Holdings, LLC is a Delaware limited-liability company that claims

ownership of certain United States copyright registrations.  Compl., Dec. 15, 2022, D.E. 1, at ¶¶ 2-

3, 11, 28.  Plaintiff alleges that Defendant illegally distributed Plaintiff's copyrighted works via

the BitTorrent peer-to-peer file-sharing system, in violation of the Copyright Act, 17 U.S.C. § 101

et seq.[1]  Id. at ¶¶ 4, 6, 17-46.

Plaintiff asserts that it does not know Defendant's identity; it knows only that the infringing

acts alleged in the Complaint were committed using IP address 24.45.74.130.  Pl.'s Br., D.E. 5-1,

at pp. 3, 17-18.  Plaintiff therefore seeks leave to issue a subpoena to the appropriate Internet

Service Provider ("ISP"), in this case, Optimum Online.  Id. at p. 3.  Plaintiff asserts that the ISP,

having assigned that IP address, can compare the IP address with its records to ascertain

Defendant's identity.  Id. at pp. 2-4.  Plaintiff contends that this information is necessary because

without it Plaintiff will have no means of determining the true identity of Defendant, and,

consequently, will not be able to serve Defendant John Doe and protect its copyrights.  Id. at pp.

4-5.

## II.    LEGAL STANDARD AND ANALYSIS

Federal Rule of Civil Procedure 26(d)(1) provides that "[a] party may not seek discovery

from any source before the parties have conferred as required by [Federal Rule of Civil Procedure]

26(f)."  The Court has the discretion, however, to grant leave to conduct discovery prior to that

conference.  Id.  In ruling on a motion for expedited discovery, the Court should consider "the

entirety of the record to date and the reasonableness of the request in light of all of the surrounding

circumstances."  Better Packages, Inc. v. Zheng, Civ. No. 05-4477, 2006 WL 1373055, at *3

(D.N.J. May 17, 2006)(quoting Ent. Tech. Corp. v. Walt Disney Imagineering, Civ. No. 03-3546,

2003 WL 22519440, at *3 (E.D. Pa. Oct. 2, 2003)).  Courts faced with motions for leave to serve

expedited discovery requests to ascertain the identity of John Doe defendants in internet copyright

---

[1]  Plaintiff asserts that it detected Defendant's copyright violations using its infringement
detection system, VXN Scan.  Compl., D.E. 1, at ¶¶ 27-29.   In the Complaint, Plaintiff explains
that "while Defendant was using the BitTorrent file distribution network, VXN Scan established
direct TCP/IP connections with Defendant's IP address" and downloaded one or more pieces of
Plaintiff's copyrighted material from Defendant.  Id. at ¶¶ 27-31.

infringement cases often apply the "good cause" test.  See, e.g., In re BitTorrent Adult Film Copyright Infringement Cases, 296 F.R.D. 80, 87, 93 (E.D.N.Y. 2012); Pac. Century Int'l Ltd. v. Does, Civ. No. 11-2533, 2011 WL 5117424, at *2 (N.D. Cal. Oct. 27, 2011).  Good cause exists where "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Am. LegalNet, Inc. v. Davis, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009); accord Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002).

Courts in this District have applied the "good cause" analysis and permitted early but limited discovery under analogous circumstances.  In Malibu Media, LLC v. Does, for example, the plaintiff sought leave to serve third-party subpoenas to discover the name, address, telephone number, email address, and Media Access Control ("MAC") addresses of various John Doe defendants.  Civ. No. 12-7615, 2013 WL 12407010, at *1, 3 (D.N.J. Feb. 26, 2013).  In that case, the Court recognized that competing interests were at play.  Id. at *4.  On the one hand, the plaintiff claimed to be the owner of copyrighted works entitled to protection.  Id.  On the other, the release of more broad and intrusive information "could impose an undue burden on individuals who may have provided their information to an ISP, but who did not engage in the alleged illegal distribution of [the p]laintiff's work.  Id. at *3.  The Court struck a balance by granting the plaintiff's request for early discovery but permitting the plaintiff to issue subpoenas seeking only information necessary to allow it to continue prosecuting its claims:  the IP address account holder's name and address.  Id. at *4.  Other courts in this District have undergone the same analysis and imposed similar limitations.  See, e.g., Malibu Media LLC v. Doe, Civ. No. 14-3874, slip op. at ¶ 7 (D.N.J. Sept. 2, 2014) (limiting subpoena's scope to "the name and address of Defendant"); Malibu Media, LLC v. Doe, Civ. No. 13-4660, slip op. at p. 2 (D.N.J. Aug. 19, 2013) (same); Voltage Pictures v. Does, Civ. No. 12-6885, 2013 WL 12406868, at *4 (D.N.J. May 31, 2013) (granting leave to serve subpoena requesting only the name, address, and MAC address associated with a particular IP

address).

There is good cause to permit limited discovery prior to the Rule 26(f) conference in this case.  The information requested by Plaintiff is necessary to allow Plaintiff to identify the appropriate defendant, and to effectuate service of the Amended Complaint.  The Court certainly recognizes that the IP account holder might not be personally responsible for the alleged infringement.  However, the IP account holder might possess information that assists in identifying the alleged infringer, and thus that information is discoverable under the broad scope of Rule 26. Malibu Media, LLC v. Does, Civ. No. 12-07789, 2013 U.S. Dist. LEXIS 183958, at *24 (D.N.J. Dec. 18, 2013).

The Court therefore holds that Plaintiff may serve Spectrum with a subpoena pursuant to Federal Rule of Civil Procedure 45 that is limited to obtaining the name and address of the subscriber of IP address 24.45.74.130.  That limited scope serves the purposes outlined above, while also taking into consideration the impact that disclosure might have on a subscriber who is not personally responsible for the alleged infringement.  Plaintiff may not seek the subscriber's telephone numbers, email addresses, or MAC addresses.  Plaintiff shall attach a copy of this Letter Opinion and Order to the subpoena.  Plaintiff shall limit its use of the information to this litigation, and Plaintiff shall be prepared to provide copies of the responsive information to any defendant who enters an appearance in this case.[2]

So Ordered.


_s/ Michael A. Hammer_____
**UNITED STATES MAGISTRATE JUDGE**

---

[2]  Before filing an Amended Complaint naming a specific individual as a defendant, Plaintiff shall ensure that it has an adequate factual basis to do so.  The Court does not find or suggest that Plaintiff may rely solely on the subscriber's affiliation with the IP address in question as the basis for its claims by permitting this discovery.